Filed 7/11/24  P. v. Bushee CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANDY BUSHEE,<br><br>        Defendant and Appellant. | A169900<br><br>(Solano County Super. Ct.<br> Nos. FCR197955 & FCR205793) |

After a one-day bench trial, the trial court found defendant Andy Bushee to be a mentally disordered offender and extended his commitment to the Department of State Hospitals from March 10, 2024, to March 10, 2025, under the Mentally Disordered Offender Act (MDOA) (Pen. Code,[1] § 2962 et seq.).  Bushee's counsel filed an opening brief finding no arguable issues and acknowledging that the procedure for our independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) does not apply to postconviction civil commitment orders under the MDOA.  (See *People v. Taylor* (2008) 160 Cal.App.4th 304, 312–314 (*Taylor*).)  Counsel also informed defendant that he had the right to file a supplemental brief on his own behalf, but he declined to do so.  Following *Taylor*, we dismiss the appeal.

---

[1] Further undesignated statutory references are to the Penal Code.

1

## BACKGROUND

In 2002 and again in 2003, Bushee pleaded no contest to one count of battery on a non-confined person by a prisoner (§ 4501.5), and was sentenced to state prison. In 2006, Bushee was admitted to the Department of State Hospitals, and in 2009, to Patton State Hospital, where he is currently housed.

On August 11, 2023, pursuant to section 2970, the prosecution filed a petition to extend Bushee's civil commitment for a period of one year until March 10, 2025, alleging that he continued to suffer from a severe mental disorder that was not in remission and/or could not be kept in remission without treatment and that he represented a substantial danger to others.

After Bushee denied the allegations of the petition and waived his right to a jury trial, a court trial was held on the petition on February 6, 2024.

Dr. Joshua Craig testified that he has been Bushee's treating psychologist at Patton State Hospital since June 2021 and sees Bushee a minimum of two or three times per week. Dr. Craig diagnosed Bushee with schizophrenia, based on symptoms including hallucinations or delusions, disorganized speech and behavior, and negative symptoms including lack of motivation and diminished expression of emotions. Dr. Craig testified that Bushee has displayed these symptoms within the past year, despite receiving medication and treatment. In March 2023, Dr. Craig placed Bushee on a "Rover" order requiring increased observation status, because Bushee was "displaying objective signs of paranoia and anxiety, which put him at heightened risk."

Around March of 2023, Bushee's roommate "express[ed] irritation that he was snapping too much . . . and requested a room change." This had

2

happened frequently, such that there were "not too many more rooms that we can move him to."

On June 28, 2023, Dr. Craig authored a quarterly psychology progress report regarding Bushee, noting that Bushee was experiencing "severe psychotic symptoms," including "delusions," "disorganized behavior," "extreme feelings of anxiety," "paranoia," and hearing voices. Bushee believed other patients were seeking to harm him and "expressed the belief that one of the patients . . . was his son, and it made him uncomfortable."

Dr. Mario Souza, a senior psychologist specialist at Patton State Hospital in the forensic evaluation department evaluated Bushee in July of 2023 by reviewing Bushee's medical records, including inter-disciplinary notes, weekly progress notes, and psychology progress notes. Dr. Souza also attempted to interview Bushee in his cell, but Bushee "was not responsive to [Dr. Souza's] multiple attempts to get his attention."

In Dr. Souza's opinion, Bushee suffers from schizophrenia, which "greatly impairs his judgment and any capacity to perceive reality correctly," causing him to "very often [be] destabilized and distressed by the impacts of several of his symptoms, including paranoia and auditory hallucinations." Dr. Souza also opined that Bushee's schizophrenia was not in remission, his symptoms were "not controlled by either psychotropic medications or psychotherapeutic treatment," and he "represents a substantial danger of physical harm to others due to a severe mental disorder."

At the conclusion of the hearing, the defense rested without presenting any evidence. The trial court then found that Bushee "has a severe mental health disorder, that the severe mental health disorder is not in remission or cannot be kept in remission if the person's treatment is not continued, and that, by reason of the person's severe mental health disorder, the prisoner

3

represents a substantial danger of physical harm to others," pursuant to section 2970. The trial court extended Bushee's involuntary treatment for one year, until March 10, 2025.

Bushee filed a notice of appeal.

## DISCUSSION

As noted, Bushee's counsel found no arguable issues and acknowledged that the procedure for our independent review of the record under *Wende, supra,* 25 Cal.3d 436 does not apply to postconviction civil commitment orders such as the one Bushee appeals. (See *Taylor, supra,* 160 Cal.App.4th at pp. 312–314.) We agree with *Taylor* and will dismiss the appeal.

Although *Wende* does not apply, our review of the record discloses no arguable issues. " 'We review the court's finding on an [MDOA] criterion for substantial evidence, drawing all reasonable inferences, and resolving all conflicts, in favor of the judgment. [Citations.]' (*People v. Martin* (2005) 127 Cal.App.4th 970, 975.)" (*People v. Baker* (2012) 204 Cal.App.4th 1234, 1244.) The testimony of Dr. Craig and Dr. Souza provides ample support for the trial court's findings regarding Bushee's mental health disorder.

## DISPOSITION

The appeal is dismissed.

_____

DESAUTELS, J.

We concur:


_____

STEWART, P. J.


_____

RICHMAN, J.

*People v. Bushee* (A169900)